Elliot Gale (Bar #263326)
egale@gajplaw.com
Joe Angelo (Bar #268542)
jangelo@gajplaw.com
Gale, Angelo, Johnson, & Pruett, P.C.
1430 Blue Oaks Blvd., Ste. 250
Roseville, CA 95747
916-290-7778 ph
916-290-7778 fax

Attorneys for Plaintiff
Nancy Trovatten

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

|  |  |
|---|---|
| **Nancy Trovatten**<br><br>      Plaintiff,<br><br>  v.<br><br>**Credit Corp Solutions, Inc.**<br><br>      Defendant. | CASE NO. 2:20-cv-04522<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES:<br><br>1. Violation of the Rosenthal Fair Debt Collection Practices Act<br>2. Violation of the Telephone Consumer Protection Act<br>3. Violation of the Fair Debt Collection Practices Act |

COMES NOW Plaintiff Nancy Trovatten, an individual, based on information and belief, to allege as follows:

## **INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* (hereinafter "Rosenthal Act"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, violation of the Telephone Consumer Protection Act 47 U.S.C. §227, *et seq.* (hereinafter "TCPA"), which

prohibits the use of automated dialing equipment when making calls to consumers, and violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") which prohibits

2. Plaintiff brings this action against Defendant Credit Corp Solutions, Inc. (hereinafter "Defendant" or "Credit Corp") for its abusive and outrageous conduct in connection with debt collection activity.

3. In Calif. Civil Code § 1788.1(a)-(b), the California Legislature made the following findings and purpose in creating the Rosenthal Act:

(a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.

(2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard or the rights of the other.

(b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. The TCPA was designed to prevent calls like the ones described herein, and to protect the privacy of citizens like Plaintiff, and by enacting the TCPA, Congress intended to give consumers a choice as to how corporate entities may contact them and to prevent the nuisance associated with automated or prerecorded calls.

6. The FDCPA was designed to prevent the abusive and deceptive collection practices by debt collectors.  The purpose of the FDCPA was to eliminate abusive debt collection practices by debt collectors.  15 U.S.C. § 1692.

7. The FDCPA regulates the behavior of "debt collects" (including collection agencies, collection attorneys, and debt buyers) when attempting to collect a consumer debt.  Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" which "contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy."  15 U.S.C. § 1692(a).

8. The FCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantages, and to promote uniform State action to protect consumers against debt collection abuses." 15. U.S.C. § 1692(e).

9. The FDCPA, under 15 U.S.C. § 1692g(a) requires disclosure of certain information either in a debt collector's initial communication or within five days after the initial communication.

## JURISDICTION & VENUE

10. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, 47 U.S.C. §
227, and 15 U.S.C. § 1692k(d).

11. This venue is proper pursuant to 28 U.S.C. §1391(b).

## GENERAL ALLEGATIONS

12. Plaintiff Nancy Trovatten (hereinafter "Plaintiff") is an individual residing in the state of California and is a "debtor" as defined by Cal. Civ. Code §1788.2(g) and "consumer" as defined by 15 U.S.C. § 1692a(3).

13. At all relevant times herein, Credit Corp was a company engaged, by the use of mail, email, and telephone, in the business of collecting a debt from Plaintiff, and a "consumer debt," as defined by Cal. Civ. Code §1788.2(f) and "debt" as defined by 15 U.S.C. § 1692a(5).

14. At all relevant times, Defendant acted as a "debt collector" within the meaning of Cal. Civ. Code §1788.2(c) and as defined by 15 U.S.C. § 1692a(6).

15. Plaintiff believes that Credit Corp was collecting on an account that did not originate with Credit Corp but with another consumer credit account Plaintiff had previously incurred.

16.  The loan at issue was extended primarily for personal, family or household purposes and is therefore a "debt" as that terms is defined by the Calif. Civil Code § 1788.2(d) of the Rosenthal Act.

17. Defendant has been attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes, and was therefore a "consumer credit transaction" within the meaning of Calif. Civil Code § 1788.2(3) of the Rosenthal Act and as defined by 15 U.S.C. § 1692a(5).

18. Because Plaintiff, a natural person allegedly obligated to pay money to Defendant rising from what Plaintiff is informed and believes was a consumer credit transaction, the money allegedly owed was a "consumer debt" within the meaning of California Civil Code § 1788.2(f) of the Rosenthal Act.

19. Plaintiff is informed and believes that Defendant is one who regularly collects or attempts to collect debts on behalf of themselves and other creditors, and is therefore a "debt collector" within the meaning of the Calif. Civil Code § 1788.2(c) of the Rosenthal Act, and thereby engages in "debt collection" within the meaning of the California Civil Code § 1788.2(b) of the Rosenthal Act, and is also therefore a "person" within the meaning of California Civil Code § 1788.2(g) of the Rosenthal Act.

20. Plaintiff believes the account was an unsecured consumer loan that Plaintiff incurred prior to the account being sold or transferred to Credit Corp for collection.

21.  Defendant, at some point, assumed control of the debt and began contacting Plaintiff in early December of 2019 to inquire about the status of the loan and to collect on the payments that were no longer being made.

22.  Plaintiff believes that Credit Corp is the collection agency for an account that he previously held with another creditor.

23.  Credit Corp did not disclose in its calls to Plaintiff who it was collecting on behalf of and simply indicated that Plaintiff owed Credit Corp money.

24.  Plaintiff retained counsel to assist in dealing with the Credit Corp debt and collection efforts as well as to seek some type of financial relief.

25.  Plaintiff believes that Credit Corp was collecting on a Citibank account that was opened in 2009 or 2010.  If that is the account, Plaintiff does not believe that payments were made on that account in over four years.

26.  A certified letter of attorney representation and revocation of consent was sent to Credit Corp on December 9, 2019.

27.  Credit Corp received the December 9, 2019 certified letter on December 13, 2019.

28.  The December 9, 2019 letter of representation also informed Credit Corp that Plaintiff was revoking her consent to be contacted on her cellular telephone by an ATDS, to the extent that any prior consent had ever been given.

29.  Defendant continued to contact Plaintiff between approximately December 15, 2019 – March 25, 2020; the type of contact was through constant phone calls to Plaintiff.

30.  Defendant would call Plaintiff and demand payment on the delinquent account.

31.  Defendant would use an automatic dialing machine when placing the calls to Plaintiff.  Plaintiff believes this to be the case because when some of the calls were answered there was a brief pause before a live Credit Corp agent came onto the line.

32. Plaintiff was contacted often regarding non-payment of the debt owed to Defendant despite Defendant being notified that Plaintiff had retained counsel to deal specifically with the debt owed to Defendant.

33. Defendant did not disclose to Plaintiff the original creditor or provide any information to Plaintiff regarding the account's origin.

34. Defendant's calls were frequent in nature and continued despite receiving written confirmation that Plaintiff was represented by an attorney.

**FIRST CAUSE OF ACTION**
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Credit Corp)

35. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

36. Plaintiff provided written notice that she was represented by sending Defendant a letter with the name, address, and contact information of her attorney and informed Defendant that she was represented.

37. Defendant continued to call and attempt to make contact with Plaintiff despite receiving notice of representation and being informed that Plaintiff had retained counsel in an effort to deal with the debt that was owed to Defendant.

38. The calls and communications made by Defendant to Plaintiff were not related to statements of Plaintiff's account and were attempts to collect a debt.

39. Plaintiff received daily calls from Defendant from December 15, 2019 – March 25, 2020.

40. Defendant violated Cal. Civ. Code §1788.14 by contacting Plaintiff after receiving noticed that Plaintiff had retained an attorney.

//

//

## SECOND CAUSE OF ACTION
### (Violation of the FDCPA)
### (15 USC § 1692c(a)(2))
### (Against Credit Corp)

41. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

42. Defendant was informed on December 9, 2019 that Plaintiff was represented by an attorney with respect to Plaintiff's creditors.

43. Defendant continued to contact Plaintiff for at least three months after being informed that she had retained an attorney.

44. Plaintiff's attorney did not consent to Defendant continuing to contact Plaintiff.

45. Defendant contacted Plaintiff in connection with collecting on the debt despite knowing that Plaintiff was represented by Counsel and that counsel instructed Defendant specifically not to contact Plaintiff.

46. Defendant's conduct was in violation of 11 U.S.C. § 1692c(a)(2).

## THIRD CAUSE OF ACTION
### (Violation of the FDCPA)
### (15 USC § 1692e(11))
### (Against Credit Corp)

47. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

48. Credit Corp failed to identify the originating creditor it was collecting on behalf of and did not inform Plaintiff of the identity of the original creditor.

49. Credit Corp contacted Plaintiff repeatedly regarding the alleged debt that was owed but did not disclose the original creditor to Plaintiff when calling.

50. Defendant's conduct was in violation of 11 U.S.C. § 1692e(11).

//

//

## **FOURTH CAUSE OF ACTION**
(Violation of the TCPA)
(47 USC § 227)
(Against Credit Corp)

51. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

52. Defendant was informed on December 9, 2019 that Plaintiff was revoking consent to be contacted by Defendant by an auto-dialer.

53. Defendant frequently called Plaintiff after Plaintiff withdrew she consent to be contacted by an automatic dialing machine.

54. Defendant would contact Plaintiff daily regarding payment on the account at issue.

55. Defendant placed the above cited calls using an artificial or prerecorded voice to deliver the collection messages without Plaintiff's prior express consent.

56. All calls placed by Defendant to Plaintiff utilized an "automatic telephone dialing system" as defined by 47 U.S.C. §227(a)(1).

57. These calls were made to Plaintiff's cellular telephone and were not calls for an emergency purposed as defined by 47 U.S.C. §227(b)(1)(B).

58. Plaintiff expressly revoked any consent that may have previously been given to Defendant to be contacted by an automatic dialing machine in December of 2019.

59. These telephone calls by Defendant, or its agent, violated 47 U.S.C. §227(b)(1)(B).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

    **a.** An award of actual damages pursuant to California Civil Code §1788.30(a), as will be proven at trial, which are cumulative and in addition to all other remedies provided for in any other cause of action pursuant to California Civil Code §1788.32.

**b.** An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b), which are cumulative and in addition to all other remedies provided for in California Civil Code §1788.32; and

**c.** An award of costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code §1788.30(c).

**d.** An award of statutory damages of $1,500.00 pursuant to 47 U.S.C. §227(b)(3)(C) for each and every violation.

**e.** Pursuant to 47 U.S.C. §227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

**f.** An award of statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A).

**g.** An award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(3)

**Gale, Angelo, Johnson, & Pruett, P.C.**

Dated: May 20, 2020          By:     */s/ Joe Angelo*
                                              Joe Angelo
                                              Elliot Gale
                                              Attorneys for Plaintiff

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands trial of this matter by jury.

**Gale, Angelo, Johnson, & Pruett, P.C.**

Dated: May 20, 2020                    */s/ Joe Angelo*
                                              Joe Angelo
                                              Elliot Gale
                                              Attorneys for Plaintiff