UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4522 FMO (AGRx) | Date | June 24, 2020 |
|---|---|---|---|
| Title | Nancy Trovatten v. Credit Corp. Solutions, Inc. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    (In Chambers) Order to Show Cause Re: Personal Jurisdiction and Venue

On May 20, 2020, plaintiff Nancy Trovatten ("plaintiff") filed a Complaint against defendant Credit Corp Solutions, Inc. ("defendant"), alleging violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq.; the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq.; and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227, et seq. (See Dkt. 1, Complaint at ¶¶ 35-59). Plaintiff claims that this court has subject matter jurisdiction because she brings claims under two federal statutes; plaintiff asks the court to exercise supplemental jurisdiction over its state law claims. (See id. at ¶ 10). Plaintiff alleges that venue is proper "pursuant to 28 U.S.C. § 1391(b)[,]" but does not explain how or why this venue is proper pursuant to this provision. (Id. at ¶ 11).

A defendant may be subject to either general or specific personal jurisdiction. See Daimler AG v. Bauman, 571 U.S. 117, 126, 134 S.Ct. 746, 754 (2014). General jurisdiction applies when defendants' contacts with the forum state are "so continuous and systematic as to render [them] essentially at home." Id. at 761 (quotation and alteration marks omitted). The court may assert specific personal jurisdiction over nonresident defendants if three requirements are met: "(1) [t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004). The court engages in "purposeful availment" analysis for contract cases and "purposeful direction" analysis for tort cases. See id. The court's analysis "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." Walden v. Fiore, 571 U.S. 277, 284, 134 S.Ct. 1115, 1122 (2014). "[T]he plaintiff cannot be the only link between the defendant and the forum." Id.

Plaintiff makes no allegation as to this court's personal jurisdiction over defendant. (See, generally, Dkt. 1, Complaint). Plaintiff provides no information on defendant's citizenship. (See,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4522 FMO (AGRx) | Date | June 24, 2020 |
|---|---|---|---|
| Title | Nancy Trovatten v. Credit Corp. Solutions, Inc. | | |

generally, id.).  Therefore, the court is unable to determine whether it has personal jurisdiction over defendant.  Additionally, plaintiff makes no allegations supporting her assertion that venue is proper in this district.  (Id. at ¶ 11).

Based on the foregoing, IT IS ORDERED that, no later than **July 8, 2020**, plaintiff shall file a First Amended Complaint addressing the deficiencies noted above.  The Order to Show Cause will stand submitted upon the filing of a First Amended Complaint that addresses the issues raised in this Order on or before the date indicated above.  **Failure to respond to this order to show cause by the deadline set forth above shall be deemed as consent to either: (1) the dismissal of the action without prejudice for lack of personal jurisdiction and/or failure to comply with a court order; or (2) transfer of the instant action to the appropriate venue**.  See Fed. R. Civ. P. 41; Baeza v. Baca, 700 F.Appx. 657 (9th Cir. 2017) (upholding dismissal for failure to prosecute); Link v. Wabash R. Co., 370 U.S. 626, 629-31, 82 S.Ct. 1386, 1388 (1962) ("expressly recogniz[ing]" the "inherent power" of a "court to dismiss sua sponte for lack of prosecution[.]"); Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) (explaining that when a case lays venue in the wrong district, 28 U.S.C. § 1406(a) "requires a transfer, however, only in cases where it is in 'the interest of justice.'").

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |